THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

☒ Priority
☒ Send
___ Clsd
☒ Enter
☒ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
SEP 21 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 24 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE S. FEUERHAHN,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN INC., ET AL.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV 00-00576 WJR (BQRx)<br><br>ORDER RE: MOTION FOR AN ORDER AWARDING DEFENDANT UNIVERSAL BANK, N.A. ATTORNEYS' FEES AND COSTS |

On September 10, 2001, Defendant Univeral Bank's Motion for Attorneys' Fees and Costs came on regularly for hearing. Abraham J. Coleman appeared on behalf of Universal Bank. Steven T. Flowers appeared on behalf of Wayne S. Feuerhahn. Having considered the memoranda submitted in support of, and in opposition to, said

1

motion, having considered all relevant authorities, and having heard oral argument from counsel, the Court hereby ORDERS as follows:

## I. Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(A) requires that a party seeking attorneys' fees and costs shall do so by motion unless the substantive law governing the action requires for recovery of such fees as an element of damages to be proved at trial. See FRCP 54(d)(2)(A). Courts have inherent power to award attorneys fees as sanctions. See Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1134 (9th Cir. 1995)(abusive litigation practices); In re Akros Installations, Inc., 834 F.2d 1526, 1531 (9th Cir. 1987)(attorney misconduct); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983)(abuse of judicial process or other bad faith litigation conduct). Furthermore, federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. See Chambers v. NASCO, 501 U.S. 32, 43 (1991).

## II. Analysis

"Bad faith" is tested objectively. There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose; e.g. harassment or delay." Ford v. Temple Hosp., 790 F.2d 342, 347 (3rd Cir. 1986). "Bad faith" may be found not only in the claims asserted, but also in the conduct of litigation. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-766 (1980).

Plaintiff's attorney admitted that he made a mistake

1 | regarding the notice of appeal filed on June 23, 2001 pursuant to
2 | the April 12, 2000 Order of this Court dismissing Plaintiff's
3 | complaint without prejudice.  At oral argument on September 10,
4 | 2001, Plaintiff's attorney stated that he misread the "without
5 | prejudice" part of the order as "with prejudice."  On May 23, 2001
6 | the Ninth Circuit dismissed Plaintiff's appeal for lack of
7 | jurisdiction.  On June 29, 2001 Defendant Universal Bank filed a
8 | motion to dismiss for failure to prosecute.  Plaintiff filed a
9 | motion of non-opposition on July 23, 2001, in lieu of voluntarily
10 | dismissing the case, citing the ill health of Plaintiff as the
11 | reason for taking such action.  Plaintiff never offered affirvative
12 | evidence to support this contention.

13 | The combination of events in this case, specifically with
14 | regard to the filing of the untimely appeal, and the failure of
15 | Plaintiff to ever amend his complaint, convinces this Court that
16 | "bad faith" may be found in the actions of Plaintiff's attorney.
17 | Looking at the circumstances objectively, this Court cannot
18 | understand the course of conduct taken by Plaintiff's attorney.
19 | Failure to properly distinguish "without prejudice" and "with
20 | prejudice", coupled with Plaintiff's continued effort to pursue an
21 | erroneous appeal is evidence of "bad faith" and willful behavior.
22 | Additionally, Plaintiff filed a non opposition to Defendant's motion
23 | to dismiss for failure to prosecute in lieu of amending the
24 | complaint or filing a voluntarily dismissal.  This action, or
25 | inaction, was attributed to unfounded claims of an ill client.  This
26 | behavior is also a showing of bad faith in the conduct of this
27 | litigation.

28 | Th behavior of Plaintiff's attorney, Mr. Flowers, as evidence

3

of the aforementioned activities, amounts to "bad faith" in the conduct of this litigation. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-766. This Court has the inherent discretion to award attorneys' fees as a sanction. See Pumphrey, 62 F.3d 1128, 1134 (9th Cir. 1995). In this case, the attorney, Mr. Flowers acted vexatiously. Accordingly, under this Court's power to sanction an attorney directly for "bad faith" conduct in litigation, Mr. Flowers, Plaintiff's attorney, will be required to pay the sanction imposed. See Chambers, 501 U.S. 32, 43 (1991).

None of the fees accrued in relation to the erroneous appeal are the subject of this sanction. Defendant Universal Bank has not demanded these fees, and plans to demand them in the Ninth Circuit Court of Appeals. [Decl. Of Abraham J. Coleman at 5]. The Court sanctions Mr. Flowers in the amount of $2,500.00 to be paid to the Defendant Universal Bank. The sanction amounts to one half of the hours spent on the motion to dismiss for failure to prosecute, at the billing rate charged by Ms. Rose A. PeBenito-$155.00. This is an amount the Court finds proper in it inherent discretion to impose sanctions as attorneys' fees in this case.

//
//
//
//
//
//
//
//
//

1 | Thus, based on the foregoing, this Court hereby awards
2 | Defendant Universal Bank a total of $2,500.00 payable no later than
3 | 30 days after entry of this order.
4 |
5 | IT IS SO ORDERED.
6 |
7 | DATED: September 21, 2001
8 |
9 | WILLIAM J. REA
  | United States District Judge